**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **LADONE A. MALONE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEFF SHOLEY, et al.,**<br><br>**Defendants.** | **Civil Action No.: MJM-25-3202** |

**MEMORANDUM OPINION**

Self-represented plaintiff Ladone A. Malone, currently incarcerated at Eastern Correctional Institution ("ECI"), filed this civil rights action against CEO Jeff Sholey, Sequita Smith, R.N., Paul Matera, M.D., Sergeant Robin Nhem, and CEO Sara Tirschwell, alleging that they failed to provide adequate medical care regarding a knee injury in violation of his rights under the Eighth Amendment.[1] ECF No. 1.

Defendants Sholey and Tirschwell have filed Motions to Dismiss or, Alternatively, for Summary Judgment. ECF Nos. 21 & 27. After being advised of his right to oppose the motions, *see* ECF Nos. 22 & 28, Malone filed responses in opposition to both motions, ECF Nos. 30 & 31. In addition, Malone has filed a Motion for Correction of Paperwork and Extension of Time, ECF No. 38; Motion to Clarify Plaintiff's Discovery Request, ECF No. 40; Motion for Default Judgment, ECF No. 48; Motion to Appoint Counsel, ECF No. 52; and Motion to Seal/Redact, ECF No. 53.[2]

---

[1] The Clerk shall be directed to amend the docket to reflect the correct the names of defendants Jeff Sholey, Sequita Smith, R.N., Paul Matera, M.D., and Sergeant Robin Nhem. *See* ECF Nos. 21, 43-44.

[2] Also pending are Defendants Matera and Smith's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 43; and Defendant Nehm's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 44; Motion to Seal Exhibit, ECF No. 46; and Motion to Strike Response, ECF No. 57; as well as Malone's Motion to Amend Complaint, ECF No. 59. These motions will be addressed separately.

A hearing is not necessary to resolve the motions. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, the Court will grant Defendants Sholey and Tirschwell's Motions to Dismiss or, in the Alternative, for Summary Judgment (ECF Nos. 21 & 27). Malone's Motion for Correction of Paperwork and for Extension of Time (ECF No. 38) will be granted *nunc pro tunc* as to the request for extension of time. His Motion to Clarify Discovery Request (ECF No. 40), construed as a motion to discovery, and Motion for Default Judgment (ECF No. 48) will be denied. His Motion to Appoint Counsel (ECF No. 52) and Motion to Seal/Redact (ECF No. 53) will be denied without prejudice.

## I. BACKGROUND

### A. Complaint Allegations

Malone brings this action pursuant to 42 U.S.C. § 1983 for violation of his Eighth Amendment rights related to inadequate medical care for a knee injury. ECF No. 1-1 at 1. He was incarcerated at ECI at all times relevant to the Complaint. ECF No. 1 at 4. Malone alleges that he was waiting for an attorney visit on September 9, 2024, when his "leg/knee gave out." ECF No. 1-1 at 1. He asked to be seen by medical but was denied. *Id*. Malone's leg gave out again later that day, and another inmate helped him to his housing unit where he asked officers to call medical. *Id*. at 1–2. Officers called defendant Sequita Smith, R.N., who denied Malone's request for a medical visit. *Id*. at 2. That evening, Malone's leg gave out again, and officers took him to medical by wheelchair. *Id*. Malone states that Smith "went to type and provide plaintiff with bed/rest" paperwork, but Captain Traitor took the paperwork from her and failed to send it to his housing unit. *Id*.; ECF No. 1 at 4. Additionally, Malone states that he "never received any ice, ace bandages, crutches, anything." *Id*. Malone filed a grievance with the Warden, but Smith continued to "avoid seeing [him] and would always act like she had an attitude about her job then screaming

and yelling to create problems because [he] wrote a [grievance]." *Id*. He did not receive treatment for two to three months, during which time he endured "pain, popping, and knee buckling." ECF No. 1 at 4. He finally received a knee brace on December 4, 2024, but it was too big, and a smaller one had to be ordered, causing further pain and limited mobility. *Id.* During this time, Malone continued to ask Smith for bedrest paperwork and show her his order for six sessions of physical therapy, of which he only received two. *Id.* at 5. Eventually, Malone was provided a cane to assist him with walking, which he continues to use together with a knee support. ECF No. 1-1 at 2–3. He has completed "about 3 sessions," presumably of physical therapy, and "it's still not getting any better at all." *Id*. at 3. Officers would scream at Malone and make "threats of a ticket or going to lock-up for complaining or asking about legal documents." ECF No. 1 at 5. Sgt. Nhem told the officers she would have Malone called out for medical but did not do so. *Id*. Malone was told he should ask Smith for his medical documents, but, he alleges, Smith "has a bad attitude and would be mean and nasty and loud towards prisoners for asking or inquiring about any of the many problems prisoners may have." *Id*. Malone submitted many sick call slips, and "none of them were answered or responded to so it['s] safe to think she's been possibly throwing the[m] away." *Id*.

As relief, Malone requests monetary damages and an order for an MRI. ECF No. 1 at 5.

**B. Sholey and Tirschwell Declarations**

Defendant Jeff Sholey attests that he is the current CEO of YesCare Corp., which was the contracted medical care provider for the Maryland Department of Public Safety and Correctional Services ("DPSCS") until July 31, 2024, when Centurion took over the contract. ECF No. 21-2, ¶ 2. He states that he is "not a medical provider, do[es] not personally intervene in medical decisions made by medical professionals, and do[es] not supervise any medical providers." *Id.* ¶

3. Sholey attests that YesCare was not the contracted medical provider on September 9, 2024, the date Malone alleges that he was denied adequate medical care. *Id.* ¶ 4.

Defendant Sara Tirschwell declares that she was previously the CEO of YesCare from December 17, 2021, to February 14, 2023. ECF No. 27-2, ¶ 2. She states that she is not a medical provider and that, as CEO of YesCare, she "did not personally intervene in medical decisions made by medical professionals or supervise any medical providers." *Id.* ¶ 3. Tirschwell further attests that she has "never met Mr. Malone or had any involvement in his medical care." *Id.* She states that she was not the CEO of YesCare at the time of the relevant events, and that YesCare was not the contracted medical provider in Maryland at that time. *Id.* ¶ 4.

## II. LEGAL STANDARDS

Defendants move to dismiss the Complaint against them for failure to state a claim or, alternatively, for summary judgment. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of a civil complaint for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the plaintiff must have pleaded facts demonstrating it has a plausible right to relief from the court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer*

*Ministries, Inc. v. Baltimore Cnty., Maryland*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). A court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016)

(quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015); Fed. R. Evid. 201(b). When the parties present, and the court considers, matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Court notified Malone that he had the right to respond to the defendants' motions to dismiss, that the motions could be construed as ones for summary judgment, and that if he did not file a timely and adequate written response, the Court could dismiss the case or enter judgment against him without providing him another opportunity to respond. ECF Nos. 22, 28. The motions themselves identify summary judgment as possible relief and therefore provided sufficient notice for Malone to have a reasonable opportunity to present relevant evidence in support of his position. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Malone has responded in opposition to both motions to dismiss. Thus, the Court is satisfied that Malone has been advised that the pending motions to dismiss could be treated as motions for summary judgment and that he has been given a reasonable opportunity to present materials in response to the motions. The Court will resolve the motions under Rule 56 where appropriate.

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

## III. DISCUSSION

Defendants Sholey and Tirschwell move to dismiss Malone's Complaint against them for failure to state a claim or, in the alternative, for summary judgment on Malone's claims. ECF Nos. 21 & 27. Specifically, they argue that the Complaint fails to state a claim against them because it

does not make any allegations that they personally participated in the alleged violation of Malone's rights.[3] ECF No. 21-1 at 5–6; 27-1 at 5–6. Alternatively, they argue that they are entitled to summary judgment because, even if they could be held liable as CEOs of YesCare, YesCare was not the medical provider for DPSCS during the relevant time period. ECF No. 21-1 at 6 and 27-1 at 6.

Under 42 U.S.C. § 1983, liability attaches only upon a defendant's personal participation in the constitutional violation, and the doctrine of respondeat superior generally does not apply. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Liability of supervisory officials under § 1983 "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). To state a claim for supervisory liability under § 1983 based on a subordinate's conduct, a plaintiff must allege that (1) the supervisor had actual or constructive knowledge that the subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff"; (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional injury. *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Here, the Complaint does not include any allegation that either Sholey or Tirschwell knew of Malone's injuries or of any subordinate's action or inaction in relation to his knee injury. In

[3] Sholey and Tirschwell filed separate motions, but their arguments are substantially similar, if not identical. *See* ECF Nos. 21-1 & 27-1.

fact, no factual allegations are made against them in the Complaint at all; their names simply appear in the caption and elsewhere listed as defendants. *See* ECF Nos. 1 & 1-1. Even though YesCare was no longer the medical provider at the time of his injuries, Malone argues that Sholey should be held liable because "his employees are still employed at the prison [which] makes him liable for their actions whether he's not personally involved or not whether he does not personally supervise any medical providers or not and whether he is not a medical provider or knows about medical decisions made by his employees or not it still makes him liable and the medical department look bad." ECF No. 30 at 2. Malone does not specifically address Tirschwell in his opposition briefs outside the caption, but, liberally construed, his arguments are reasonably applied to her motion as well as Sholey's.[4] Malone's argument, however, is unavailing. Section 1983 does not provide for the broad vicarious liability Malone describes, and regardless, the Complaint does not make any such allegation of liability. The Complaint fails to allege personal involvement or supervisory liability as to Sholey or Tirschwell. Accordingly, their motions, treated as motions to dismiss, will be granted, and the claims against Sholey and Tirschwell will be dismissed pursuant to Rule 12(b)(6).[5]

## IV. NON-DISPOSITIVE MOTIONS

In his "Motion for Correction of Paperwork and Motions for Extension of Time," Malone provides an explanation of the various documents that he has submitted and requests extensions

---

[4] Malone submitted two filings that are styled as responses in opposition to Defendants Sholey and Tirschwell's motions to dismiss. ECF Nos. 30 &. 31. The second does not include any arguments, and the first appears to be directed at both motions. *Id*. Therefore, the Court will construe both documents, ECF Nos. 30 & 31, as oppositions to both Sholey and Tirschwell's motions, ECF Nos. 21 & 27.

[5] Moreover, the evidence presented makes clear that neither Sholey or Tirschwell supervised any medical providers, nor did they have any knowledge of Malone's injuries or the medical providers' alleged inadequate treatment. Both defendants attest that they are not medical providers nor do they supervise medical providers, and Malone submits no evidence to the contrary. Most importantly, YesCare Corp. was not the DPSCS's medical contractor at the time Malone sustained his injuries. Thus, even if Plaintiff stated plausible claims for relief, Sholey and Tirschwell would be entitled to summary judgement.

of time in which to submit his responses in opposition to the defendants' motions. ECF No. 38. It is not clear whether Malone is making a specific request regarding his paperwork or simply providing information. *Id.* To the extent that he seeks an extension of time, the motion is granted *nunc pro tunc*.

Malone has also filed a motion styled "Motion to Clarify Plaintiff's Discovery Request." ECF No. 40. No scheduling order has issued in this case to set forth deadlines for discovery. *See* Local Rule 803.1 (D. Md. 2025). Absent a scheduling order, parties are not ordinarily entitled to engage in discovery. *Id.* Moreover, this Court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). Because Sholey and Tirschwell's motions to dismiss are resolved on the basis of Rule 12(b)(6), discovery is not necessary or appropriate; therefore, Malone's motion for discovery is denied. To the extent Malone seeks discovery as to the remaining defendants, his motion for discovery is denied without prejudice.

Malone filed a Motion for Default Judgment against Defendants Smith and Matera on April 28, 2026. ECF No. 48. Under Federal Rule of Civil Procedure 55(a), default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." After being granted extensions of time, Smith and Matera timely filed their Motion to Dismiss or, in the Alternative, for Summary Judgment, on April 21, 2026. ECF No. 43. As such, Malone's Motion for Default Judgment is denied. However, the Court notes that Malone, who has actively litigated his case and responded in opposition to Nhem's Motion to Dismiss or, in the Alternative, for Summary Judgment, which was filed the same day as Smith and Matera's motion, has not responded in opposition to Smith and Matera's motion. The Court also notes that while a notice advising

Malone of his right to respond in opposition to Nhem's motion was issued on April 22, 2026, ECF No. 47, no such notice was issued regarding Smith and Matera's motion. As such, the Clerk will be directed to issue the notice, and Malone will be provided an additional 28 days to file a response to Smith and Matera's motion.

Next, Malone moves for appointment of counsel, stating that he needs help with discovery and litigation as well as sealing and redacting documents. ECF No. 52. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[6] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel in a civil case; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel); *see also Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) ("[A] district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel[,]" deciding "whether the plaintiff has a colorable claim" and, "considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." (internal quotation marks and citations omitted)).

The Complaint concerns Malone's contention that he was denied adequate medical care. ECF No. 1. Malone presents a colorable claim; therefore, this Court must determine whether,

[6] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

given "the claim's objective complexity and the plaintiff's subjective abilities," he "lacks the capacity to present it." *Jenkins*, 109 F.4th at 247. The issues presented in the Complaint—concerning Malone's allegations of inadequate medical care following a knee injury—are not complex. Upon careful consideration of the motions and other previous filings submitted by Malone, the Court finds that he has demonstrated the wherewithal to articulate the legal and factual grounds for his claims himself or to secure meaningful assistance in doing so. Additionally, it cannot be determined whether discovery or a hearing will be necessary to resolve the case. Given the current posture of this case, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Malone under § 1915(e)(1) at this time. His motion for appointment of counsel is denied without prejudice. The Court does not foreclose the possibility that the appointment of counsel may be appropriate in the future, if warranted by exceptional circumstances at that time.

Malone moves to seal or redact "certain or any specific information regarding or in regards to plaintiff['s] health or medical conditions." ECF No. 53. Defendants Matera and Smith oppose the motion, primarily because it does not specify what materials Malone seeks to seal or redact. ECF No. 54. Local Rule 105.11 (D. Md. 2025), which governs the sealing of all documents filed in the record, states in relevant part: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." The rule balances the public's common law right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "[S]ensitive medical

or personal identification information may be sealed," but not where "the scope of [the] request is too broad." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). Malone has not identified specifically what material he seeks to seal or explained why sealing is appropriate. Therefore, the Court cannot find that sealing is justified, and the motion will be denied without prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendants Sholey and Tirschwell's Motions to Dismiss or, in the Alternative, for Summary Judgment (ECF Nos. 21 & 27), treated as motions to dismiss, are granted. Malone's Motion for Correction of Paperwork and Extension of Time (ECF No. 38) is granted *nunc pro tunc*. Malone's Motion to Clarify Plaintiff's Discovery Request (ECF No. 40), construed as a motion for discovery, is denied. Malone's Motion for Default Judgment (ECF No. 48) is denied. Malone's Motion for Appointment of Counsel (ECF No. 52) and Motion to Seal/Redact (ECF No. 53) are denied without prejudice. Malone will be provided with a notice of his right to file a response to Defendants Smith and Matera's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 43) and an additional 28-day period in which to file such response.

A separate Order follows.

August 31, 2026_____
Date

_____/S/___________________
Matthew J. Maddox
United States District Judge